IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **RENEE PUGH,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:13-cv-01581-AKK |
| | ) | |
| **EL PASO CORPORATION** | ) | |
| **PENSION PLAN; et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO THE DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE JURY DEMAND**

COMES NOW the Plaintiff, and files this Response in Opposition to the Motion to Dismiss Counts Four Through Six of the Plaintiff's Complaint and to Strike Plaintiff's Jury Demand, and states the following:

**I.    COUNT FOUR – CLAIMS PURSUANT TO §502(a)(3)**

**Pugh's Complaint Satisfies Rule 12 and Rule 8**

In reviewing a Rule 12(b)(6) motion this Court must accept Pugh's allegations in the Complaint as true and construe them in

1

a light most favorable to her. Cinotto v. Delta Air Lines Inc., 674 F.3d 1285, 1291 (11th Cir. 2012) cert. denied, 133 S. Ct. 543, 184 L. Ed. 2d 340 (U.S. 2012). Pugh's Complaint contains sufficient factual matter that states a claim to relief that is plausible on its face. Stillwell v. Allstate Ins. Co., 663 F.3d 1329, 1333 (11th Cir. 2011).

Further, under Rule 8(e)(2) of the Federal Rules of Civil Procedure, litigants may pursue alternative theories of recovery, regardless of their consistency. Allstate Ins. Co. v. James, 779 F.2d 1536 (11th Cir. 1986). Pugh has pleaded alternative claims in her complaint, as allowed under Rule 8. The Defendants' characterization of Pugh's claims being "concurrent," in paragraph 42-43 of their Answer is simply incorrect.

**Count Six of Pugh's Complaint Claims More Than Equitable Estoppel**

Pugh recognizes that she may assert equitable estoppel principles as a theory of recovery under §502(a)(1)(B). Katz v. Comprehensive Plan of Group Ins., 197 F.3d 1084, 1090

(11thCir.1999). Based upon Varity Corp. v. Howe, 516 U.S. 489 (1996) if there is an "adequate remedy" under §502(a)(1)(B), a party may be prevented from pursing a claim under §502(a)(3). However, §502(a)(1)(B) may not supply an adequate remedy, in that is may not allow Pugh to pursue other forms of equitable relief that she is entitled to other than, or over and above the equitable estoppel principles noted above.

For this reason, Pugh's claim in Count Four under §502(a)(3) for equitable relief asserts claims based on more than just the principles of equitable estoppel. In addition to equitable estoppel, Pugh claims reformation and surcharge as forms of equitable relief that are available to her under §502(a)(3). These forms of equitable relief are specifically noted as appropriate forms of equitable relief under §502(a)(3). CIGNA Corp. v. Amara, 131 S. Ct. 1866, 1880, 179 L. Ed. 2d 843 (2011).

For example, the remedy of reformation of a plan [changing the plan] to conform to the false or misleading information the Plan provided was distinguished by the Supreme Court in CIGNA v. Amara from the remedy of enforcing the Plan as written.

CIGNA Corp. v. Amara, 131 S. Ct. 1866, 1877, 179 L. Ed. 2d 843 (2011).

The issue of whether Pugh is entitled to proceed under §502(a)(1)(B), §502(a)(3), or both, is an issue best addressed at the summary judgment stage, after the parties positions and evidence have been fully developed.  At that procedural juncture of the case the Court can make a determination as to where Pugh's remedy lies based upon the developed evidence and the matured positions of the respective parties.

Waiting to a later stage of the litigation is supported by the fact that the majority of the cases relied upon by the Defendants involved situations where the court was reviewing the matter at a later stage of the case.  Larkin v. Life Ins. Co. of North America, 2004 WL 3583102 (N.D. Ala. Mar. 29, 2004)(disposed of on summary judgment motion); Short v. Am. Cast Iron Pipe Co., 961 F.Supp. 261 (N.D. Ala. 1997)(disposed of on summary judgment motion); Ogden v. Blue Bell Creameries U.S.A., Inc., 348 F.3d 1284 (2003)(disposed of on appeal after bench trial).

4

For the reasons above, the Defendants' motion to dismiss is due to be denied as to Count Four of Pugh's Complaint.

## II.   COUNTS FIVE AND SIX – STATE LAW CLAIMS

Pugh concedes that Counts Five and Six are due to be dismissed based upon the authorities cited in Defendants' Motion to Dismiss.

## III.   JURY DEMAND

Pugh concedes that, inasmuch as the State law claims are dismissed, that her jury demand is due to be struck based upon the current jurisprudence in the Eleventh Circuit.

WHEREFORE PREMISES CONSIDERED, Pugh prays that this Honorable Court will deny the Defendants' motion to dismiss as to Count Four of the Complaint, and concedes that this Court should dismiss Counts Five and Six, and that the jury demand should be struck.

Respectfully Submitted,

***/s/ William K. Bradford***
William K. Bradford
ASB-6434-D64W
Attorney for Plaintiff

**OF COUNSEL:**
BRADFORD LADNER, LLP.
3928 Montclair Road, Suite 208
Mountain Brook, AL 35213
(205) 802-8823
(205) 802-8825 fax

wkb@bradfordladner.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing upon the parties or their counsel, as listed below, via the CM/ECF system or, if so indicated below, by U.S. Mail, postage prepaid and properly addressed, on this the ***6th*** day of ***November*** 2013.

William B. Wahlheim, Jr., Esq.
Andrea D. Germany, Esq.
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, AL 35203

***/s/ William K. Bradford***
OF COUNSEL