# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **RENEE PUGH,** | ) |
| **Plaintiff,** | ) |
| v. | ) CASE NO. 2:13-CV-01581-AKK |
| EL PASO CORPORATION PENSION PLAN; and THE PENSION COMMITTEE OF EL PASO CORPORATION PENSION PLAN, | ) |
| **Defendants.** | ) |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS COUNTS FOUR THROUGH SIX OF PLAINTIFF'S COMPLAINT AND TO <u>STRIKE PLAINTIFFS JURY DEMAND</u>

Defendants El Paso Corporation Pension Plan and The Pension Committee of El Paso Corporation Pension Plan ("Defendants") submit this Reply in Support of Their Motion to Dismiss Counts Four through Six of Plaintiff's Complaint and to Strike Plaintiff's Jury Demand (Defendants' "Motion to Dismiss") (Doc. No. 4).

### INTRODUCTION

Plaintiff concedes that Defendants' Motion to Dismiss should be granted as to her state law claims (alleged in Counts Five and Six of her Complaint) and jury demand; thus, only one issue remains: whether Plaintiff may maintain her concurrent claims for recovery of benefits under ERISA § 502(a)(1)(B) (Counts One, Two, and Three) and for equitable relief under ERISA § 502(a)(3) (Count Four). [Doc. No. 9, Pl.'s Response, p. 5]. Controlling case law is clear that she

may not. Indeed, in *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996) ("*Varity*"), the Supreme Court held that when, as in this case, an ERISA plan beneficiary has an adequate available claim for benefits under ERISA § 502(a)(1)(B), a claim for equitable relief under ERISA § 502(a)(3) is unsustainable.  Count Four of Plaintiff's Complaint expressly seeks an order directing "[Defendants] to pay to the Plaintiff the benefits that she is due" – exactly the remedy that Plaintiff seeks under ERISA § 502(a)(1)(B).  Accordingly, Defendants agree that Plaintiff's claim for wrongful denial of benefits under ERISA § 502(a)(1)(B) may proceed, but maintain that applicable law requires dismissal of Plaintiff's § 502(a)(3) claim.

## ARGUMENT

### A.    Plaintiff Misinterprets the Relief Available to Her Under ERISA.

As an initial matter, Plaintiff is incorrect in suggesting that *Cigna Corp. v. Amara*, 131 S. Ct. 1866, 1881 (U.S. 2011) ("*Amara*"), supports the maintenance of claims for reformation or surcharge under § 502(a)(3) in combination with a claim for Plan benefits under § 502(a)(1)(B). [Doc. No. 9, Pl.'s Response, p. 4].  In fact, *Amara* tacitly endorsed the *Varity* rule by considering the plan participants' § 502(a)(3) claims only <u>after</u> determining that § 502(a)(1)(B) did not provide a remedy. *Amara*, 131 S. Ct. at 1878 (asking "[i]f § 502(a)(1)(B) does not authorize entry of the relief here at issue, what about nearby § 502(a)(3)?"); *Varity*, 516 U.S. at 515.  Indeed, unlike Plaintiff's contention that she is an "Eligible Spouse"

entitled to additional benefits under the Plan, the claims at issue in *Amara* did not implicate "the *terms* of the plan for purposes of § 502(a)(1)(B)"; thus, plan participants were able to proceed with their breach of fiduciary duty claims. *Amara*, 131 S. Ct. at 1878.

Moreover, Plaintiff acknowledges the *Varity* rule prohibiting § 502(a)(3) claims where an "adequate remedy" exists under § 502(a)(1)(B), but curiously suggests that "§ 502(a)(1)(B) may not supply an adequate remedy, in that i[t] may not allow Pugh to pursue other forms of equitable relief that she is entitled to…." [Doc. No. 9, Pl.'s Response, p. 3]. Plaintiff fails to explain why her alleged injury is not redressable under § 502(a)(1)(B), however, and overlooks the facts that (1) claims for duplicative relief (*i.e.*, policy benefits) under §§ 502(a)(1)(B) and 502(a)(3) are barred pursuant to *Varity* and its Eleventh Circuit progeny, and (2) relief under § 502(a)(3) is available only "for injuries caused by violations [of ERISA] that § 502 does not elsewhere adequately remedy." *See Tabb-Pope v. SAN, Inc.*, 2013 WL 5707327, *6 (N.D. Ala. Oct. 21, 2013) ("*Tabb-Pope*") (characterizing as "unfounded" the argument that ERISA allows the maintenance of concurrent claims under §§ 502(a)(1) and 502(a)(3)).

The purported breach of fiduciary duty in Count Four relies upon the very same facts supporting Plaintiff's § 502(a)(1)(B) claim, and is premised upon the denial of her claim for benefits under the Plan. Although couched as a claim for

"equitable relief," Count Four seeks an order directing "Defendants… to pay to the Plaintiff the benefits that she is due[.]"  [Doc. No. 1, Compl., ¶ 43].  As this Court previously explained in reference to a similar pleading, "[t]he fact that these allegations are pled as a separate 'breach of fiduciary duty' claim does not change the fact that they are a 'benefits' claim, properly pled under § 502(a)(1)(B)." *Tabb-Pope*, 2013 WL 5707327 at *7; *see also Katz v. Comprehensive Plan of Group Ins.*, 197 F.3d 1084, 1088 n.15 (11th Cir. 1999) ("*Katz*") (affirming the dismissal of a § 502(a)(3) claim on the grounds that the relief sought to redress the fiduciary breach claim of § 502(a)(3) was not "substantively different" from the benefits sought under § 502(a)(1)(B)); *Seales v. Amoco Corp.*, 82 F. Supp. 2d 1312 (M.D. Ala. 2001), *aff'd by*, 245 F.3d 795 (concluding that plaintiffs' § 502(a)(3) claim for breach of fiduciary duty was not warranted because "the plaintiffs seek remedies for the breach of fiduciary duty claim which seem to be exactly the same as the remedies requested in the claim for benefits.").

Under these circumstances, it is well-settled that an "adequate remedy" exists for the injury alleged – here, the denial of Plaintiff's claim for Plan benefits – under § 502(a)(1)(B).  As the Eleventh Circuit explained,

> following *Varity*, federal courts have uniformly concluded that, if a plaintiff can pursue benefits under the plan pursuant to Section a(1), there is an adequate remedy under the plan which bars a further remedy under Section a(3).  We further held that the availability of relief under Section 502(a)(3) was in no way dependent on the success or failure of the Section 502(a)(1)(B)

claim because "the availability of an adequate remedy under the law for *Varity* purposes does not mean, nor does it guarantee, an adjudication in one's favor."

*Ogden v. Blue Bell Creameries U.S.A., Inc.*, 348 F.3d 1284, 1287 (11th Cir. 2003) (internal citations omitted). Accordingly, Plaintiff is foreclosed from proceeding concurrently under § 502(a)(3).

### B. Count Four Fails to State a Claim Upon Which Relief May be Granted, and thus Should be Dismissed.

Plaintiff's Complaint does not – and cannot – plead an injury based on the denial of her claim for benefits that is not redressable under § 502(a)(1)(B); therefore, her fiduciary breach claim in Count Four should be dismissed. While Defendants acknowledge Plaintiff's observation that parties have in some cases addressed the viability of concurrent claims for relief under §§ 502(a)(1)(B) and 502(a)(3) in motions for summary judgment as opposed to motions to dismiss, Plaintiff's fiduciary breach claim is clearly unsustainable and is therefore ripe for dismissal at this stage. It is readily apparent from the face of a complaint that the relief sought is redressable under § 502(a)(1)(B); therefore, courts – including this one – routinely dispose of § 502(a)(3) claims on *Varity* grounds at the motion to dismiss stage.[1]

---

[1] *See, e.g.*, *Tabb-Pope*, 2013 WL 5707327; *Morrison v. Life Ins. Co. of N. Am.*, 7:08-cv-0339-LSC (N.D. Ala. June 17, 2008) (Order on motion to dismiss attached as Exhibit "A"); *Kyser v. Life Ins. Co. of N. Am.*, 7:08-cv-0444-UWC (N.D. Ala. June, 30, 2008) (Order on motion to dismiss attached as Exhibit "B"); *Spivey v. Cigna Corp.*, 2013 WL 4874139, *5 (M.D. Ala. Sept. 12, 2013); *McIver v. Exxon Mobile Corp.*, 2009 WL 256282, *3 (S.D. Ala. Jan. 9, 2009); *Nolte v.*

## CONCLUSION

As set forth herein and in its Motion to Dismiss (Doc. No. 4), Count Four of Plaintiff's Complaint should be denied pursuant to the binding authority of *Varity Corp. v. Howe*, 516 U.S. 489 (1996) and its progeny in this Circuit.

Respectfully submitted by,

s/ William B. Wahlheim, Jr.
William B. Wahlheim, Jr.
Andrea D. Germany

*Attorneys for Defendants*
*El Paso Corporation Pension Plan*
*and The Pension Committee of El*
*Paso Corporation Pension Plan*

**OF COUNSEL:**
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, AL 35203-2618
Telephone: 205.254.1000
Fax: 205.254.1999
wwahlheim@maynardcooper.com
agermany@maynardcooper.com

---

*BellSouth Corp.*, 2007 WL 120842, *7 (N.D. Ga. Jan. 11, 2007) ("Plaintiff may assert her claims under § 1132(a)(1)(B), and because a cause of action exists under this section, under *Katz*… she cannot assert a claim under Section 1132(a)(3). This conclusion is consistent with… the opinions of other district courts which have considered the issue).

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

>William K. Bradford
>Bradford Ladner, LLP
>3928 Montclair Road, Suite 208
>Mountain Brook, AL 35213

>>s/ William B. Wahlheim, Jr.
>>OF COUNSEL